IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON MORRIS, # 340-661 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-14-3756 |
| RICHARD J. GRAHAM, JR., et al. | * | |
| Respondents | * | |

***

**MEMORANDUM**

In answer to Tavon Morris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondents move to dismiss the petition as time-barred. (ECF 4). Petitioner was granted an opportunity to explain why the petition should not be dismissed as untimely or why principles of equitable tolling apply (ECF 5). No reply was filed. After review of the petition and respondent's answer, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (noting a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the petition will be dismissed as time-barred.

**BACKGROUND**

Morris is challenging his November 3, 2006, conviction after a jury trial in the Circuit Court for Baltimore City, Maryland, for attempted second-degree murder and related offenses. (ECF 4, Ex. 1, 2). On January 4, 2007, the court sentenced Morris to 25 years' imprisonment, the first ten years to be served without parole. *Id*. By unreported opinion filed on October 28, 2008, the Court of Special Appeals of Maryland vacated Morris's separate sentence for

first-degree assault, but otherwise affirmed his judgment of conviction. (ECF 4, Ex. 1, 2). The court's mandate issued on December 1, 2008. *Id*. Morris did not file for review in the Court of Appeals of Maryland. Thus, his judgment of conviction became final as of December 16, 2008. *See* Md. Rule 8-302 (requiring certiorari petition to be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).

On November 8, 2010, Morris filed for post-conviction relief in the Circuit Court for Baltimore City. (ECF 4, Ex. 1). He withdrew his post-conviction petition on July 12, 2011. *Id*. On July 28, 2011, Morris filed another petition for post-conviction relief. *Id*. This petition was denied by the Circuit Court on August 6, 2013. *Id*. Morris did not file a timely application for leave to appeal this ruling, which became final no later than January 3, 2014. *See* Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought).[1]

Morris's federal habeas petition was filed on November 25, 2014, the date it was signed (ECF 1) and presumably delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (applying mail-box rule to petition filed pursuant to 28 U.S.C. § 2255); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

## DISCUSSION

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 1283 (2011). The statute provides:

---

[1] Thereafter, on December 4, 2013, the Circuit Court for Baltimore City granted Morris's motion to reopen post-conviction proceedings, allowing him 30 days to file an application for leave to appeal the denial of post-conviction relief. Morris did not file an application for leave to appeal within this period, and his notice of appeal was stricken. (ECF 4, Ex. 1, p 13).

>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  Morris does not allege, nor does the record suggest, any grounds for equitable tolling.  (ECF 1).

In this case, the statute of limitations for filing for federal habeas corpus relief under 28 U.S.C. § 2244(d) began to run on December 16, 2008, and expired one year later on December 16, 2009.  Morris did not file a federal habeas petition within that time period, and there were no properly filed state post-conviction or other collateral proceedings to statutorily toll the running of the limitations period.  (ECF 1, ECF 4, Ex. 1).  Under these circumstances, the limitations period expired before Morris filed his state post-conviction petition.  The record reflects no

properly filed state post-conviction proceedings pending between (1) December 16, 2008, and November 8, 2010 (over 22 months); and (2) January 3, 2014, and November 25, 2014 (over 10 months).  Collectively, this period (over 32 months) far exceeds the one-year limitation period of 28 U.S.C. § 2244(d).  Consequently, Morris's federal habeas petition was untimely filed and must be dismissed.  28 U.S.C. § 2244(d).

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the court declines to issue a certificate of appealability because Morris has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).  Morris fails to satisfy this standard, and a certificate of appealability shall not issue.

## CONCLUSION

For these reasons, a separate order dismissing the petition as untimely and declining to issue a certificate of appealability follows.


<u>March 3, 2015</u>                                    <u>         /s/                                </u>
Date                                                               James K. Bredar
                                                                       United States District Judge

4